IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN SALVADOR OCHOA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-0212-D-BR |
| | § | |
| ANA ESTEVEZ, | § | |
| MEREDITH PINKHAM, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

Plaintiff STEPHEN SALVADOR OCHOA, acting pro se and while incarcerated awaiting sentencing (now a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division), has filed a civil rights lawsuit and is proceeding *in forma pauperis*. Plaintiff has filed suit against a state district judge (defendant Ana Estevez) and a state court assistant district attorney (Meredith Pinkham). It is clear from a reading of the civil rights complaint that this document was not prepared by plaintiff, but rather by a third party who references Stephen Salvador Ochoa in the third person. However, plaintiff has later filed correspondence with the Court indicating a desire to proceed on the complaint. Plaintiff claims he was forced by the defendants to sign paperwork to have an attorney appointed on his behalf and was forced to participate against his will in a trial on his criminal charges. Plaintiff describes his injuries as physical, mental and emotional distress. He is seeking release from custody and lost wages from his employment.

These claims are not cognizable under Title 42 U.S.C. Section 1983. Although plaintiff argues his claim falls under *Bivens*, he has not sued any federal entity or individual. For the following reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's complaint should be DISMISSED.

## I.
## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under *any federal law*, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## II.
## PLAINTIFF'S CLAIMS

Often referred to as a "sovereign citizen" claim, plaintiff alleges that these defendant government actors were involved unlawfully in the prosecution of his underlying criminal convictions. Plaintiff argues that these individuals had no authority or jurisdiction over him at

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

the time the criminal arrest and prosecution took place and thereafter. Plaintiff cites to various federal statutes as authority for his position.

Plaintiff requests immediate release from custody and recovery of lost wages as relief.

### III.
### THE LAW AND ANALYSIS

Plaintiff's pleadings are particularly problematic. Not only are his filings saturated with meaningless legal terms, it is clear plaintiff has failed to plead anything close to approaching an actionable claim. Both the terms used and the legal authority referenced are nonsensical and do not describe any sort of viable cause of action. In fact, the documents filed by plaintiff may be associated with what is known as the sovereign citizen movement. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). Civil actions similar to plaintiff's have been dismissed as without merit and frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

The doctrine of absolute judicial immunity bars this action and requires dismissal as to defendant Estevez. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). The Fifth Circuit weighs four factors in determining whether an act is "judicial." These factors are as follows:

(1) whether the specific act complained of is a normal judicial function;

    (2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers;

    (3) whether the controversy centered around a case pending before the court; and

    (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*McAlester v. Brown*, 469 F.2d 1280 (5th Cir. 1972). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). Even assuming all facts alleged by plaintiff are true, the defendants' actions in this case of entering judicial orders, appointing counsel and conducting a criminal trial, meet *all* of the criteria for judicial acts. It cannot be said that any of these actions were taken in clear absence of jurisdiction on the basis that plaintiff does not recognize he is subject to the court's jurisdiction or authority. Therefore, defendant Estevez is entitled to judicial immunity.

    Prosecutors are immune from section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Plaintiff does not articulate any acts by the state court prosecutor that fall outside the duties of investigating and pursuing a criminal prosecution. Therefore, defendant Pinkham is entitled to prosecutorial immunity.

## IV.
## RECOMMENDATION

    For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the

RECOMMENDATION of the Magistrate Judge to the District Judge that the complaint filed by plaintiff STEPHEN SALVADOR OCHOA pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS as his suit is barred by the defendants' judicial and prosecutorial immunity.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on June 4, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO OBJECT**

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).